**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **KYRIMA ANDERSON,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 5:26-CV-00267-MTT-AGH** |
| | : | |
| **v.** | : | |
| | : | |
| **TEMPEST DANIEL,** | : | |
| **TYRONE OLIVER,** | : | **Proceedings Under 42 U.S.C. §1983** |
| | : | **Before the U. S. Magistrate Judge** |
| **Defendants.** | : | |

**ORDER OF DISMISSAL**

*Pro se* Plaintiff Kyrima Anderson, a prisoner in Pulaski State Prison in Hawkinsville, Georgia, filed a "motion for a protective order," which has been docketed as a civil rights complaint. ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. On August 4, 2026, Plaintiff was ordered to recast her complaint and to file a certified copy of her inmate trust account statement in support of her request to proceed IFP. ECF No. 5. Plaintiff has responded to the Court's August 4, 2026 Order with a "motion to show cause/ objection". ECF No. 6. For the reasons set forth below, this civil action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief may be granted and also for Plaintiff's failure to obey an order of the Court. Plaintiff's motion to proceed IFP (ECF No. 2) is **GRANTED** for purposes of this dismissal alone so that fees may be collected pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff's "motion to show cause / objection" (ECF No. 6) is **DENIED** as

frivolous to the extent it demands the Court "show cause" and **OVERRULED** to the extent that it objects to the Court's previous orders in this civil action.

**MOTION FOR LEAVE TO PROCEED IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee and avers that she has no money or assets. ECF No. 2. For purposes of this dismissal alone, her application to proceed IFP is **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, she must still pay the full $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, she must pay the filing fee in a lump sum. If the account does not contain sufficient assets, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because she has no assets or means to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner has no assets, the Court will waive payment of the partial filing fee before filing.

Because Plaintiff refuses to provide a certified account statement (see ECF No. 6), the Court cannot ascertain whether Plaintiff can presently pay a partial initial filing fee.[1]

[1] As outlined below, Plaintiff has filed numerous lawsuits and has repeatedly failed to obey Court orders to provide a certified account statement. The only account statements the Court has been able to uncover from her numerous lawsuits suggest that she may receive regular deposits into her prison account. *See* ECF No. 7 at 16-18 in *Anderson v. Williams*, No. 26-10022 (11th Cir. Feb. 2, 2026); ECF Nos. 9-1 in *Anderson v. Burke*, No. 3:25-cv-169 (M.D. Ga. filed Jan. 13, 2026) (copies of Plaintiff's inmate account showing deposits and funds in Plaintiff's account as well as Plaintiff's use of those funds for discretionary spending); ECF Nos. 8-1, 8-2, 8-3, 8-4, and 8-5 in *Anderson v. Georgia Dept. of Corrections*, No. 1:25-cv-129 (M.D. Ga. filed Nov. 17, 2025) (copies of Plaintiff's inmate account showing deposits and funds in Plaintiff's account as well as copies of Plaintiff's requests for withdrawals from her account with handwritten notation that she has "money on account".).

Nonetheless, it is hereby **ORDERED** that her complaint be filed and that she be allowed to proceed without paying an initial partial filing fee in this civil action only.

I. Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to her prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which she is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II. Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that her release from incarceration/detention does not release him from her obligation to pay the installments incurred while she was in custody. Plaintiff remains obligated to pay those installments justified by the income in her prisoner trust account while she was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if she can make payments but fails to do so or if she otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I. Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply here, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty*., 50 F.3d 1579, 1582 (11th Cir. 1995).

If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II. Plaintiff's Allegations

Plaintiff's claims arise from her incarceration in Pulaski State Prison. ECF No. 1. Plaintiff states that Defendant Tempest Daniel is also a prisoner in Pulaski State Prison. *Id*. Plaintiff complains that Defendant Daniel "would follow Ms. Anderson around the dorm constantly" and that she has watched Plaintiff sleep. *Id*. at 1. Plaintiff further complains that Defendant Daniel has twice, from behind, "pressed her body against Ms. Anderson's in passing" and "rather than saying excuse me Ms. Daniel used those 2 opportunities to make unwanted nonconsented to physical contact with Ms. Anderson." *Id*. at 1-2. Plaintiff states that she has also felt verbally threatened by Defendant Daniel. *Id*. Plaintiff claims that the "actions of Ms. Daniel are stalking and harassment." *Id*. at 2. Plaintiff asserts that she is unable to press charges against Defendant Daniel because "the facilities denial of scheduling her to meet with a Federal Investigator is violating her due process and human rights." *Id*. at 2-3.

Plaintiff further complains about being housed in "the worst dorms on the compound." *Id*. at 2. Plaintiff claims that "due to [her] cases against the Governor and

other state officers who are delegating retaliation against her[,] all of her complaints, grievances, and issues are being ignored, causing her to be left and put in unsafe situations and housing arrangements. *Id*. at 2-3. For relief, Plaintiff requests "a temporary protective order to force the facility to act and respond in a lawful, just and safe manner" and an "emergency T.P.O to get away from the defendant." *Id.* at 2.

III. Plaintiff's Claims

A. Dismissal pursuant to §1915A(b)(1) for failure to state a claim

Plaintiff titles her pleading "Emergency Temporary Protection Order." ECF No. 1. She alleges that her "due process and other human rights" are being violated and that she is being housed in unsafe conditions. *Id*. at 2-3. She also vaguely claims that she is being retaliated against and that she is being denied "meaningful access to the courts". ECF No. 4 at 1. Because Plaintiff's pleading involves claims that her constitutional and civil rights are being violated, her pleading is construed as a complaint under 28 U.S.C. § 1983.

Plaintiff names Tyrone Oliver as a Defendant to this action; however, she makes no factual allegation that specifically links this Defendant to any claim in her complaint. *See* ECF No. 1. A district court properly dismisses a complaint when the plaintiff, other than naming a defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (affirming dismissal of defendants that plaintiff failed to "associate" with an alleged constitutional violation) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in

pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("section 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation"); *Butler v. Georgia,* No. 22-10291, 2022 WL 17484910, at *2 (11th Cir. Dec. 7, 2022) ("The plaintiff's allegations must connect the defendants with the alleged constitutional violation."). Because, here, Plaintiff fails to link Defendant Oliver to any constitutional violation in her complaint (ECF No. 1), her claims against him in the complaint are subject to dismissal.[2]

Plaintiff also names a fellow prisoner, Tempest Daniel, as a Defendant. ECF No. 1 at 1. As previously stated, a plaintiff must establish two elements to state a claim for relief under § 1983: (1) that an "act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States" and (2) "the act or omission was committed by a person acting under color of state law". *Hale*, 50 F.3d at 1582. The under-color-of-state-law element of § 1983 excludes from its reach "merely private

[2] In Plaintiff's Response to Order of Referral" (ECF No. 4), she alleges in conclusory fashion that "she's been placed in lockdown in retaliation of her reporting Wendy Jackson and Tyrone Oliver" and that the "retaliation is unlawful and a violation of Anderson's Due Process, meaningful access to courts." ECF No. 4 at 1. These allegations, even if the Court were to consider them as a supplement to her claims against Defendant Oliver, are simply too vague to state a claim for relief. *See Twombly*, 550 U.S. at 555 (a plaintiff is required to provide more than mere "labels and conclusions," and the factual allegations "must be enough to raise a right to relief above the speculative level."); *Iqbal* 556 U.S. at 678 (finding that a plaintiff is required to provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."); *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 679) (stating that "conclusory allegations are not entitled to the assumption of truth."); *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) (citations omitted) (a plaintiff is required to do more than make "general attacks" upon a defendant's motivations and must articulate "affirmative evidence" of retaliation to prove the requisite motive.).

conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations and citations omitted); *see also Laster v. CareConnect Health Inc.*, 852 F. App'x 476, 478-79 (11th Cir. 2021) (per curiam) (stating that rarely will a private party be considered a state actor). Decidedly, fellow detainees and prisoners have repeatedly been found not to meet the criteria to be deemed state actors in federal civil rights claims. *See, e.g.*, *Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) ("We affirm the District's order, as it properly concluded that [Plaintiff] cannot sue [another i]nmate ... under § 1983 because he is not a state actor."); *Jackson v. Foster*, 372 F. App'x 770, 771 (9th Cir. 2010) ("inmate [defendant] did not act under color of state law under any formulation of the governmental actor test."); *Maraglino v. Espinosa*, No. 20-cv-00825-GSA-PC, 2021 WL 11549477, at *3 (E.D. Cal. Sept. 13, 2021) ("Courts have consistently rejected attempts to cast the § 1983 net wide enough to include fellow inmates.") (citations omitted); *Gettimier v. Burse*, No. 2:13CV44HEA, 2015 WL 75224, at *5 n.3 (E.D. Mo. Jan. 6, 2015) ("The fact that a fellow inmate is not a 'state actor' for purposes of § 1983 litigation is so fundamental as to not require citation."). Here, Plaintiff has pleaded no facts in this action that suggest that her fellow prisoner Defendant Daniels is a state actor or that any of Daniels' actions were nothing more than her own private conduct. Accordingly, Plaintiff's claims against Defendant Daniel are also subject to dismissal. *See Hale*, 50 F.3d at 1581; *Simonton*, 437 Fed. Appx. at 62; *Jackson*, 372 F. App'x at 771.

Because Plaintiff fails to state any viable claim against her two named Defendants, Plaintiff's complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b)(1) for failing to state a claim upon which relief may be granted.

B. Dismissal warranted for failure to obey a court order

On August 4, 2026, Plaintiff was advised of the defects with her pleading. ECF No. 5 at 1. Plaintiff was then ordered to recast her complaint within fourteen days and was provided with instructions on how to do so. *Id*. at 1-3. Plaintiff was also advised that 28 U.S.C. § 1915(a)(2) requires a prisoner seeking leave to proceed IFP to "provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his 'trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint.'" Id. at 3. Accordingly, Plaintiff was ordered "to file a certified account statement signed by a corrections official showing her transactions for the preceding six months" or pay the full filing fee within fourteen days. *Id*. Plaintiff was cautioned that "failure to fully and timely comply with this Order may result in the dismissal of this Complaint". *Id*. at 4.

Plaintiff responded to the Court's order with a "motion to show cause/objection". ECF No. 6. Plaintiff demands that the Court show her the law that says she has to obey the Court's order to recast her complaint and use the Court's standard form. *Id*. She further argues that the motion to proceed IFP she submitted was sufficient and that she should not be required to get her account information from prison officials to submit to the Court. *Id*. at 1-2. She asserts that "[t]his Court's officers are clearly and deliberately ignoring all

areas of conflict of interest proving prejudice and judicial misconduct along with abuse of discretion under the disguise of judicial precedent and Ms. Anderson will not tolerate it." *Id*. at 2.

A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff is a prolific litigant who has filed more than twenty federal lawsuits in just over two years. Thirteen of these lawsuits have been dismissed because she repeatedly refused to provide financial information to support her requests to proceed IFP, failed to pay filing fees, and/or failed to recast her complaint when ordered to do so.[3] Many of Plaintiff's lawsuits can and have been identified as bearing the hallmarks of the sovereign citizen theory. *See e.g*., ECF No. 5 at 4 in *Anderson v. State of Georgia*, No. 1:24-cv-50 (M.D. Ga., filed May 6, 2024) (Plaintiff again identifying herself as "an American Indian Moorish National" stating that "…the commercial contract created by the federal government that created individual corporations that converted fictitious identity in the likeness and using the private name of living men, women & children to use in commerce as collateral. That action is what gives 'states' the presumption the[y] have authority over private men, women, children."); ECF No. 1 at 4 in *Anderson v. Burke*, No. 3:25-cv-169

---

[3] *Anderson v. Ernest*, No. 1:24-cv-73 (M.D. Ga. Oct. 7, 2024) (dismissed for failure to obey order to recast complaint and pay filing fee or submit complete IFP forms); *Anderson v. Kemp*, No. 1:24-cv-2359 (N.D. Ga. June 25, 2024) (same); *Anderson v. Tate*, No. 1:24-cv-3415 (N.D. Ga. Oct. 1, 2024) (same); *Anderson v. Kemp*, No. 1:24-cv-4431 (N.D. Ga. Oct. 28, 2024) (same); *Anderson v. Tate*, No. 1:24-cv-2357 (N.D. Ga. Nov. 4, 2024) (same); *Anderson v. Kemp*, No. 1:24-cv-3614 (N.D. Ga. Nov. 4, 2024) (same); *Anderson v. Tate*, No. 1:24-cv-4430 (N.D. Ga. Nov. 5, 2024) (same); *Anderson v. Tate*, No. 1:24-cv-2358 (N.D. Ga. June 12, 2025) (same); *Anderson v. State of Georgia Corp.*, No. 1:25-cv-1574 (N.D. Ga. May 21, 2025) (same); *Anderson v. State of Georgia*, No. 1:25-cv-1858 (D.D.C. July 24, 2025) (administratively closed for failure to pay or IFP); *Anderson v. Burke*, No. 3:25-cv-169 (M.D. Ga. Apr. 28, 2026) (dismissed for failure to pay partial initial filing fee and pursuant to § 1915A for failure to state a claim); *Anderson v. Williams*, No. 26-10022 (11th Cir. Feb. 2, 2026) (appeal dismissed for failure to pay or IFP).

(M.D. Ga., filed Oct. 23, 2025) (Plaintiff stating that she was born in Hartford, Connecticut but identifying herself as "an American Indian Moorish National [and] not a citizen of the United States."); ECF No. 9 at 1-2 in *Anderson v. Burke*, No. 1:25-cv-173 (M.D. Ga., filed June 1, 2026) ("Comes now Kyrima Anderson natural private 'individual' on behalf of her private securities and the individual corporation created in her likeness" and "KYRIMA ANDERSON fictitious entity used in commerce (Maritime) through bonds and other security instruments owned by Petitioner's foreign trust…" and "Petitioner [] has informed both courts the jurisdiction is that of Admiralty/ Maritime Law… [and] the rendering court was POWERLESS to render judgement and it contravened due process by entering it …lacking even arguable ground for jurisdiction…"). The "'sovereign citizen' theory has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves." *Mells v. Loncon*, No. CV 418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019) (emphasis in original); *see also United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that "sovereign citizens" are a group of people "who believe they are not subject to the jurisdiction of the courts and who frequently deny that they are [parties] in the action, instead referring to themselves as third-party intervenors" and that courts have repeatedly and "summarily rejected their legal theories as frivolous"); *Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (per curiam) (finding plaintiff's sovereign citizen arguments frivolous and "clearly baseless"); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be

to "wholly insubstantial and frivolous"). And although Plaintiff has previously asserted that courts have wrongfully construed her filings as espousing sovereign citizen theories, federal courts have repeatedly found a litigant's self-proclaimed identity an American Moorish National as well as the language used by Plaintiff such that she is not a United Citizen, that only Maritime law applies to her, reliance upon commercial codes, that she is a secured party creditor with all rights reserved, and so forth to be within the realm of the "sovereign citizen" theory so thus frivolous. *See e.g.*, *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases); *United States v. Anzaldi*, 800 F.3d 872, 878 (7th Cir. 2015) (discussing "sovereign citizen" and "Moorish national" claims); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (rejecting defendants' sovereignty arguments and stating that "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); *Bey v. Sessler*, No. 23-3421, 2024 WL 2078564, at *2 (6th Cir. Feb. 29, 2024) ("to the extent Bey argues that the district court erred by failing to hold the defendants liable for enforcing laws against her to which she never consented and to which she is not subject as a 'Moorish National,' her arguments are wholly frivolous.").

"Filing a lawsuit is a serious matter, which often times results in significant consequences to the parties. And judicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal … continue in their recalcitrance". *Nurse v.*

*Sheraton Atlanta Hotel*, 618 F. App'x 987, 990–91 (11th Cir. 2015). Accordingly, a district court "possesses the inherent power to police its docket," including the imposition of "formal sanctions upon dilatory litigants." *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Such sanctions "can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*. Furthermore, "a plaintiff who ignore[s] notices and orders of the court [is not] excused merely because of her *pro se* status." *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980).[4] Therefore, where a litigant has been reproached, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Nurse*, 618 F. App'x at 990 (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (involving a *pro se* litigant who "stubbornly violated the Federal Rules and court orders.").

Plaintiff has been repeatedly advised that the failure to obey a Court order can result in her civil action being dismissed and, indeed, as noted above, she has had numerous lawsuits dismissed on this basis. Yet, once again, she refuses to comply with an order of the Court. There is no doubt in the Court's mind that Plaintiff is under the mistaken assumption that federal laws, rules of civil procedure, local rules of Court, and Court orders do not apply to her. *See, e.g., ECF No. 6.* They do.

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

For the reasons set forth, this civil action is also **DISMISSED without prejudice** due to Plaintiff's failure to comply with the Court's orders and instructions pursuant to the Court's inherent authority to manage its docket and Federal Rule of Civil Procedure 41. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist*., 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for …failure to obey a court order."); *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (quoting *Moon,* 863 F.2d at 837) (holding that dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) ("In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (finding court did not err in dismissing plaintiff's civil action for failure to follow the court's instructions regarding how to amend the complaint); *Bourassa v. Dozier*, 832 F. App'x 595, 597-598 (11th Cir. 2020) (affirming district court dismissal of prisoner complaint for failure to provide a certified account statement in support of motion to proceed IFP and stating that "[a] prisoner who seeks to proceed IFP must comply with the requirements of 28 U.S.C. § 1915(a)."); *Taylor v. Nelson*, 356 F. App'x 318, 319 (11th Cir. 2009) (affirming the district court's dismissal of the case where

*pro se* plaintiff failed to pay the filing fees or file a copy of his prison trust account statement).

**SANCTIONS WARNING**

As previously addressed above, Plaintiff has abused the judicial process through repeatedly filing complaints without addressing the filing fee, by filing frivolous motions, by presenting arguments based in the legally bunked theory of the sovereignty of American Moorish Nationals, and by repeatedly defying court orders. Plaintiff's repeated filings and defiance of Court Orders only serve to waste the Court's resources. The Court will not allow Plaintiff's pattern of abuse of the judicial process to continue.

Although the Court must give substantial weight to a prisoner's right of access to the Courts, that right "is neither absolute nor unconditional." *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam); *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008); *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 517 (11th Cir. 1191) (internal quotation marks and citation omitted).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct that impairs their ability to carry out Article III functions". *Seay v. Vega*, 2026 WL 1747246, at *3 (11th Cir. June 17, 2026) (quoting *Procup*, 792 F.2d at 1070. While courts may not construct blanket orders that completely shut the courthouse doors to the overly litigious, they may erect reasonable barriers that protect their Article III duties. *Miller*, 541 F.3d at 1096-97. "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons.

Frivolous and vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." *Id.* at 1096. Indeed, "Courts have a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Seay*, 2026 WL 1747246, at *3 (quoting *Procup*, 792 F.2d at 1074). Accordingly, "district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants". *Id.* District courts are afforded considerable discretion in designing and drafting measures for such protection. *Shell v. U.S. Dept. of Housing and Urban Development*, 355 Fed. App'x. 300, 308 (11th Cir. 2009).

If Plaintiff continues to file frivolous civil actions, frivolous motions, and/or continues to defy Court Orders to recast her complaints and/or provide account information in support of requests to proceed IFP, or engages in any other behavior which wastes this Court's judicial resources, the Court will impose appropriate sanctions. These measures may include but are not limited to dismissals for abuse of the judicial process or a monetary penalty or a prohibition against future *pro se* filings pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Cobble v. U.S. Government*, 816 Fed. App'x 355, 360 (11th Cir. 2020); *Cofield v. Alabama Public Service Commission,* 936 F.2d 512, 514-16 (11th Cir. 1991) (upholding a district court sanction barring future civil actions without prior approval of the court for a plaintiff with a history of frivolous and vexatious litigation); *see also e.g.,* ECF No. 15 in *Daker v. Ward*, case # 5:22-cv-340-MTT-CHW (M.D. Ga. Apr. 3, 2023) (sanctioning an abusive filer via a permanent injunction that requires Plaintiff to submit a $1500.00 contempt bond before filing or attempting to file any new lawsuit or

petition); ECF No. 5 in *Allen v. Williams*, case # 5:25-cv-213-TES-CHW (sanctioning abusive filer for a period of one year by barring him from any and all future *pro se* actions without obtaining prior judicial approval).

**SO ORDERED and DIRECTED,** this 8th day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT